IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT JOSEPH OLSON, §
   Petitioner, §
  §
VS. § Civil Action No. 4:16-CV-229-O
  §
RODNEY W. CHANDLER, Warden, §
FCI-Fort Worth, §
   Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Robert Joseph Olson, a federal prisoner who was confined in FMC-Fort Worth at the time the petition was filed, against Rodney W. Chandler, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a term of 17 months' imprisonment for his 2012 criminal conviction in the United States District Court for the District of Minnesota for transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). Resp't's App. 19, ECF No. 9. The Bureau of Prisons's website indicates that Petitioner is currently confined at a residential reentry center in Minneapolis, Minnesota, pending his release date of August 11, 2017. Petitioner has not notified the Court of his change of address.

The declaration of David Miranda, an operations manager at the Bureau's Designation and Sentence Computation Center, reveals that Petitioner was arrested on the federal charge on February 25, 2011, and released on an appearance bond with special conditions on March 24, 2011. Resp't's

App. 2, ECF No. 9. The conditions of his release required, among other things, that Petitioner submit to electronic monitoring and that he reside in a halfway house or community corrections center. *Id.* at 2 & 10-11. Petitioner was convicted and sentenced pursuant to a plea agreement on March 24, 2011, and ordered to surrender for service of his sentence on June 18, 2012. *Id.* at 2. Therefore, his sentence was computed to commence on June 18, 2012. *Id.* at 3. He was given prior custody credit from February 25, 2011, to March 24, 2011. *Id.* Petitioner requested credit for the time he spent in the halfway house from March 25, 2011, through June 15, 2012, via the prison's administrative procedures, but the warden and regional director denied the request.[1] Pet'r's Exs. AX-2 through AX-18.

## II. DISCUSSION

Petitioner contends that, as a matter of due process, he is entitled to time credit for the "449 days of pretrial and postsentencing custodial detention during which [he] was restrained in his liberty by immurement in a community corrections center," due to the onerous, highly restrictive conditions placed upon him. Pet'r's Mem. 1, 10, ECF No. 2.

Title 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. The Bureau of Prison's interpretation of "official detention" for purposes of the statute does not include time spent in a halfway house, regardless of the severity or degree of restrictions. Pet'r's Mem., Ex. AX-5, ECF No. 2. *See* Program Statement 5880.28, U.S. Department of Justice, Federal Bureau of Prisons/Freedom

---

[1] It is unclear from the record whether Petitioner timely appealed the regional director's denial to the national director.

of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov. The Bureau's policy comports with both Supreme Court and Fifth Circuit precedent. *See Reno v. Koray,* 515 U.S. 50, 62-65 (1995); *United States v. Cleto*, 956 F.2d 83, 84- 85 (5th Cir. 1992); *Munoz v. Maye,* 485 Fed. App'x 699, 2012 WL 3264379, at *1 (5th Cir. Aug. 13, 2012). Because Petitioner was not in "official detention," within the meaning of § 3585(b), he is not entitled to credit for the time he spent in the halfway house as a condition of bond or after sentencing prior to commencement of his sentence. No due process violation is implicated.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

**SO ORDERED** on this 17th day of July, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**